# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCELLUS A. JONES, | No. 4:18-CV-02353 |
| Plaintiff, | (Judge Brann) |
| v. | |
| MICHAEL WENEROWICZ, *et al.*, | |
| Defendants. | |

## MEMORANDUM OPINION

### DECEMBER 29, 2020

Presently before the Court is Plaintiff's motion for reconsideration of the Court's Order of July 29, 2019, revoking Plaintiff's leave to proceed *in forma pauperis* and requiring him to pay the remaining filing fee in order to continue with this civil rights action.[1]  Defendants have opposed the motion,[2] which is now ripe for disposition.  For the following reasons, the Court will deny the motion and dismiss this action for failure to pay the required filing fee.

Plaintiff initiated this civil action by complaint along with a motion for leave to proceed *in forma pauperis*.[3]  The Court initially granted that request and permitted Plaintiff to proceed *in forma pauperis* with his complaint.[4]  Earlier this year, the

---

[1] *See* Docs. 70 (order), 70 (motion for reconsideration).
[2] Doc. 80.
[3] See Docs. 1, 3.
[4] Doc. 9 at 1.

Supreme Court of the United States issued its decision in *Lomax v. Ortiz-Marquez*, which held that dismissals without prejudice may be considered in determining whether a plaintiff has "three strikes" under the PLRA, which then precludes the plaintiff from proceed *in forma pauperis*.[5] Based on that intervening change of law, Defendants filed a motion to reconsider the Court's order granting Plaintiff leave to proceed *in forma pauperis*.[6] The Court found that reconsideration was appropriate based on the intervening change of law, and determined that Plaintiff had three strikes which would preclude him from proceeding *in forma pauperis*.[7] In that order, the Court revoked Plaintiff's *in forma pauperis* status and provided him fourteen (14) days in which to pay the remainder of the filing fee.[8] Plaintiff filed a motion for extension of time to pay the filing fee, which the Court granted; the filing fee was due on or before September 14, 2020.[9]

Plaintiff has now filed a motion for the Court to reconsider its decision revoking his ability to proceed *in forma pauperis*.[10] In the instant motion, Plaintiff argues that the Court should be lenient with its consideration of three strikes because Plaintiff is proceeding *pro se* and that the *Lomax* decision is irrelevant to his case.[11]

---

[5] 140 S. Ct. 1721, 1727 (2020).
[6] Doc. 63.
[7] Doc. 70.
[8] *See id.*
[9] *See* Docs. 72 (motion), 73 (order granting extension).
[10] Doc. 71.
[11] *See* Doc. 79.

Plaintiff also alleges that the dismissal of Case No. 15-CV-130 should not be considered a strike because that case was dismissed for improper venue.[12]

A court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.[13]  Reconsideration is not appropriate here because Plaintiff has demonstrated none of the circumstances that would warrant reconsideration.

In its previous Order, the Court carefully considered the holding in *Lomax*, reviewed each of the dismissals raised by the Defendants, and determined that they all constituted strikes under the PLRA.  In addition, Plaintiff's *pro se* status cannot change the impact his prior dismissals have on his ability to proceed *in forma pauperis* here.  Plaintiff has demonstrated a pattern of filing frivolous lawsuits, including appeals dismissed as frivolous.

Now Plaintiff, after failing to oppose Defendants' motion to revoke his *in forma pauperis* status, asserts that Case No. 15-CV-130, filed in the United States District Court for the Eastern District of Pennsylvania, should not be considered a strike because it was dismissed for improper venue.  That is incorrect.

---

[12]   *Id.*
[13]   *Johnson v. Diamond State Port Corp.*, 50 F. App'x 554, 560 (3d Cir. 2002) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)).

To the contrary, Defendants in that action moved to dismiss the civil action based on failure to state a claim, or, alternatively, for improper venue. Plaintiff failed to oppose the motion to dismiss, despite repeated warnings by that court. The order of dismissal very clearly provides that the motion was being granted as uncontested and the action dismissed pursuant to Eastern District Local Rule 7.1(c).[14]

In sum, Plaintiff failed to contest a motion seeking to dismiss his complaint for failure to state a claim, and that dismissal certainly qualifies as a strike under the PLRA. For these reasons, the motion will be denied and the action dismissed for failure to pay the filing fee.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[14] *See* No. 15-cv-130, Doc. 34 (E.D. Pa.) (order of dismissal). E.D. Pa. Loc. R. 7.1 provides, in pertinent part, that "[i]n the absence of timely response [in opposition to the motion], the motion may be granted as uncontested except as provided under Fed.R.Civ.P. 56."